# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDUARDO LAMBERTY,      :
   Plaintiff            :
                      :     No. 1:22-cv-01964
    v.                :
                      :    (Judge Rambo)
MR. NICKLOW, et al.,       :
   Defendants         :

## MEMORANDUM

Pro se Plaintiff Eduardo Lamberty ("Plaintiff"), a convicted and sentenced state prisoner who is currently incarcerated at State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania, has commenced the above-captioned action by filing a complaint, followed by a supplemental complaint, pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated there. (Doc. Nos. 1, 12.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint and supplemental complaint (collectively, "complaint"). For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

## I.     BACKGROUND

On December 6, 2022 Plaintiff filed his Section 1983 complaint in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"). (Doc. No. 1.)  On December 9, 2022, the Eastern District transferred Plaintiff's case to this District Court.  (Doc. No. 4 at 1 n.1 (explaining that: there was no apparent basis for venue in the Eastern District; the events giving rise to Plaintiff's claims occurred in the Middle District; and the defendants are located in the Middle District).)

After receiving the transfer order from the Eastern District, this Court issued two (2) Administrative Orders directing Plaintiff to either pay the requisite filing fee or file the appropriate financial documentation.  (Doc. Nos. 8, 10.)  On December 19, 2022, Plaintiff filed a motion for leave to proceed in forma pauperis, and, on January 3, 2023, Plaintiff filed his prisoner trust fund account statement.  (Doc. Nos. 9, 11.) The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

Plaintiff has filed his complaint against the following defendants, all of whom appear to be employed by the Pennsylvania Department of Corrections and work at SCI Camp Hill: (1) Mr. Nicklow, the superintendent; (2) Tonya Heist, the assistant to the superintendent and facility grievance coordinator; (3) Hannah Trostle, the

medical supervisor; (4) Sergeant Young, a correctional officer; (5) Sergeant D. Johnson, a correctional officer; and (6) Sergeant Misti, a correctional officer (collectively, "Defendants"). (Doc. No. 1 at 1, 2-4; Doc. No. 12 at 1.)

In his complaint, Plaintiff asserts that the events giving rise to his claims occurred while he was incarcerated at SCI Camp Hill. (Doc. No. 1 at 6.) However, Plaintiff does not specify when these events occurred. (Id.) He alleges only that these events occurred "[t]hroughout [his] incarceration at SCI Camp Hill[.]" (Id.)

More specifically, Plaintiff alleges that "all Defendant's [sic] constantly harass and retaliate against [him] for filing grievances for all wrongs done against [him]." (Id.) In support, Plaintiff alleges that he was "assaulted by Defendant's [sic] for filing grievances" and that he "receives misconducts for no rule infractions." (Id.)

Additionally, Plaintiff alleges that he "suffers from sleep apnia [sic] and was never given a CPAP machine that [he] needs and was prescribed while outside before [his] incarceration." (Id.) Plaintiff further alleges that, because of his "sleep apnia[,] [sic]" he "suffers from sleep deprivation[.]" (Id.)

In connection with these allegations, Plaintiff appears to assert violations of his rights under the First and Eighth Amendments to the United States Constitution,

as well as a claim for harassment.[2]  (Id. at 5.)  For relief, Plaintiff seeks "[a]

protection clause for the constant harassment and retaliation by Defendant's [sic]"

as well as monetary damages.  (Id. at 6.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review

complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28

U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief, then the district court must dismiss the complaint.  See

id.  In dismissing claims under § 1915(e)(2), district courts apply the standard

governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient

factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to

"accept all factual allegations in the complaint as true, construe the complaint in the

---

[2]  Neither the legal nor factual basis of Plaintiff's harassment claim is set forth in the complaint.  (Doc. Nos. 1, 12.)  Because Plaintiff will be afforded the opportunity to amend his complaint, Plaintiff shall specify both the legal and factual basis of his harassment claim in his amended pleading.

light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."   See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff has filed his complaint pursuant to the provisions of Section 1983, asserting violations of his constitutional rights under the First and Eighth Amendments.  (Doc. No. 18.)  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

### A.    Personal Involvement

In order to plausibly state a claim under Section 1983, Plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."  Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).  Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely

6

on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Here, there is a complete absence of allegations in the complaint that would give rise to a plausible inference that any of the Defendants were personally involved in any asserted deprivation of Plaintiff's federally protected rights.  While the Defendants have been named in the caption of the complaint (Doc. No. 1 at 1) and have also been listed as Defendants in "The Defendant(s)" section of the complaint (id. at 2-4; Doc. No. 12 at 1), they have not been mentioned anywhere else in the body of the complaint. Indeed, Plaintiff's complaint asserts only broad and conclusory allegations against Defendants. Thus, without such allegations of personal involvement, liability cannot be imposed against Defendants under Section 1983.  Accordingly, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendants.

### B.    Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2).  This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which

7

those claims rest.  See Erickson, 551 U.S. at 93.  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] "has to show such an entitlement with its facts."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted).

As set forth above, Plaintiff's complaint does not allege how Defendants were personally involved in committing a deprivation of Plaintiff's constitutional rights. As a result, the Court has been left—and Defendants, if served, would also be left— to speculate as to what alleged conduct on their part gives rise to constitutional violations.  Thus, because Plaintiff's complaint does not provide fair notice of his claims and/or the grounds upon which those claims rest, the Court finds that Plaintiff's complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (stating that "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citations and internal quotation marks omitted)); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").

**B.    Leave to Amend**

The final issue is whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend his claims against Defendants would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the

deficiencies identified above. Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint, supplemental complaint, or any other document already filed.  The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

To conclude, the Court will dismiss Plaintiff's complaint (Doc. Nos. 1, 12) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).   However, the Court will grant Plaintiff leave to file an amended complaint.  An appropriate Order follows.


Dated: March 9, 2023                    s/ Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge