## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDUARDO LAMBERTY, | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-01964** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| MR. NICKLOW, <u>et</u> <u>al.</u>, | : | |
| **Defendants** | : | |

### MEMORANDUM

<u>Pro</u> <u>se</u> Plaintiff Eduardo Lamberty ("Plaintiff"), a convicted and sentenced state prisoner who is currently incarcerated at State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania, commenced the above-captioned action by filing a complaint, followed by a supplemental complaint, pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated there. (Doc. Nos. 1, 12.)  In accordance with the Prison Litigation Reform Act,[1] the Court conducted an initial review of Plaintiff's complaint and supplemental complaint (collectively, "complaint"), and dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted, but without prejudice to Plaintiff filing an amended complaint.  (Doc. Nos. 13, 14.)  Pending before the Court is Plaintiff's amended complaint.  (Doc. No.

---

[1]  <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

15.)   For the reasons set forth below, Plaintiff's amended complaint will be dismissed for failure to comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure.   However, Plaintiff will be granted a final opportunity to amend his pleading.

## I.      BACKGROUND

On December 6, 2022 Plaintiff filed his Section 1983 complaint in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"). (Doc. No. 1.)  On December 9, 2022, the Eastern District transferred Plaintiff's case to this District Court.  (Doc. No. 4 at 1 n.1 (explaining that: there was no apparent basis for venue in the Eastern District; the events giving rise to Plaintiff's claims occurred in the Middle District; and the defendants are located in the Middle District).)  After receiving the transfer order from the Eastern District, this Court issued two (2) Administrative Orders directing Plaintiff to either pay the requisite filing fee or file the appropriate financial documentation.  (Doc. Nos. 8, 10.)  On December 19, 2022, Plaintiff filed a motion for leave to proceed in forma pauperis, and, on January 3, 2023, Plaintiff filed his prisoner trust fund account statement. (Doc. Nos. 9, 11.)

**A.      Plaintiff's Complaint**

Plaintiff filed his Section 1983 complaint against the following defendants, all of whom appear to be employed by the Pennsylvania Department of Corrections and to have worked at SCI Camp Hill during the period of time relevant to Plaintiff's claims: (1) Mr. Nicklow ("Nicklow"), the superintendent; (2) Tonya Heist ("Heist"), the assistant to the superintendent and facility grievance coordinator; (3) Hannah Trostle ("Trostle"), the medical supervisor; (4) Sergeant Young ("Young"), a correctional officer; (5) Sergeant D. Johnson ("Johnson"), a correctional officer; and (6) Sergeant Misti, a correctional officer.  (Doc. No. 1 at 1, 2-4; Doc. No. 12 at 1.)

In his complaint, Plaintiff asserted that the events giving rise to his claims occurred while he was incarcerated at SCI Camp Hill.  (Doc. No. 1 at 6.)  Plaintiff, however, did not specify when these events occurred.  (Id.)  He alleged only that these events occurred "[t]hroughout [his] incarceration at SCI Camp Hill[.]"  (Id.)  In addition, Plaintiff alleged that "all Defendant's [sic] constantly harass and retaliate against [him] for filing grievances for all wrongs done against [him]."  (Id.)  And, more specifically, Plaintiff alleged that he was "assaulted by Defendant's [sic] for filing grievances" and that he "receives misconducts for no rule infractions."  (Id.)  Plaintiff also alleged that he "suffers from sleep apnia [sic] and was never given a CPAP machine that [he] needs and was prescribed while outside before [his] incarceration."  (Id.)  Plaintiff further alleged that, because of his "sleep apnia[,]

3

[sic]" he "suffers from sleep deprivation[.]"   (Id.)   In connection with these allegations, Plaintiff appeared to assert violations of his rights under the First and Eighth Amendments to the United States Constitution, as well as a claim for harassment.[2]  (Id. at 5.)  As for relief, Plaintiff sought "[a] protection clause for the constant harassment and retaliation by Defendant's [sic]" as well as monetary damages.  (Id. at 6.)

By Memorandum and Order dated March 9, 2023, the Court granted Plaintiff leave to proceed in forma pauperis, deemed his complaint filed, and dismissed it for failure to state a claim upon which relief could be granted.  (Doc. Nos. 13, 14.)  More specifically, the Court concluded that there was a complete absence of allegations in the complaint that would give rise to a plausible inference that any of the named Defendants were personally involved in any asserted deprivation of Plaintiff's federally protected rights.  (Doc. No. 13 at 6-7.)  The Court further concluded that, without such allegations of personal involvement, liability could not be imposed against Defendants under Section 1983.  (Id. at 7.)

Additionally, the Court concluded that, because Plaintiff's complaint did not allege how Defendants were personally involved in committing a deprivation of Plaintiff's constitutional rights, the Court was left—and Defendants, if served,

---

[2]  Neither the legal nor factual basis of Plaintiff's harassment claim was set forth in his complaint.  (Doc. Nos. 1, 12.)

would also be left— to speculate as to what alleged conduct on their part gives rise to constitutional violations.  (<u>Id.</u> at 7-8.)  Accordingly, because Plaintiff's complaint did not provide fair notice of Plaintiff's claims and/or the grounds upon which those claims rested, the Court found that Plaintiff's complaint did not satisfy Rule 8 of the Federal Rules of Civil Procedure.  (<u>Id.</u>)

Ultimately, however, the Court could not say that granting Plaintiff leave to amend his claims against Defendants would be futile and, thus, the Court granted Plaintiff leave to file an amended complaint within thirty (30) days in order to attempt to cure the deficiencies identified above.  (<u>Id.</u> at 9-10.)  Plaintiff was instructed, <u>inter</u> <u>alia</u>, that his amended complaint must set forth his claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. (<u>Id.</u> at 10.) In addition, Plaintiff was cautioned that neither conclusory allegations nor broad allegations would set forth a cognizable claim.  (<u>Id.</u>)

## B.    Plaintiff's Amended Complaint

Plaintiff filed his amended Section 1983 complaint on March 30, 2023.  (Doc. No. 15.)  Plaintiff sets forth various encounters with, and perceived mistreatment by, Defendants Nicklow, Heist, Trostle, Johnson, and Sergeant Misiti ("Misiti"), a correctional officer at SCI Camp Hill.[3]  (<u>Id.</u> at 4, ¶ 2.)  More specifically, Plaintiff's

---

[3]  Plaintiff has named Defendant Misiti for the first time in the amended complaint. (Doc. No. 15.)  Additionally, Plaintiff does not appear to name or mention Defendant

amended complaint includes eleven (11) numbered paragraphs, styled as the "Statement [o]f [t]he Case," which briefly describes events and concerns that Plaintiff had concerning these five (5) Defendants. (Id. at ¶¶ 1-11.) Based upon these alleged events and concerns, Plaintiff claims that all of the Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. at 6, ¶¶ 15-17.) As for relief, Plaintiff seeks declaratory and monetary relief. (Id. at 7.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient

Young in the amended complaint. (Id.) Defendant Young was previously named as a Defendant in the complaint. (Doc. Nos. 1, 12.)

factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."   See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.   DISCUSSION

### A.   Plaintiff's Amended Complaint

#### 1.   Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading.  See Fed. R. Civ. P. 8.  Rule 8(a) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ. P. 8(a)(2).  In addition, Rule 8(d)(1) requires that "[e]ach allegation . . . be simple, concise, and direct."  See Fed. R. Civ. P. 8(d)(1).  Generally speaking, these Rules require a plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]"  See Twombly, 550 U.S. at 555 (citations omitted).

Here, the Court finds that Plaintiff's amended complaint fails to meet this basic pleading standard.  Although the amended complaint is concise, the problem is that the factual narrative underpinning Plaintiff's Section 1983 claims spans nearly eleven (11) months and involves five (5) different employees at SCI Camp Hill. (Doc. No. 15 at 4, ¶¶ 1-11.)  Moreover, most of the numbered paragraphs in the

8

amended complaint offer nothing more than an abbreviated and disconnected summary of the isolated events that allegedly occurred during this timeframe at SCI Camp Hill.  See, e.g., (id. ¶ 3 (discussing a November 2021 event, when Plaintiff reported to Defendant Trostle that he has a history of "sleep apnia [sic] and sleep deprivation" and that he "uses a CPAP machine for this condition"); id. ¶ 4 (discussing a January 2022 event, where Plaintiff wrote to Defendant Heist in order to obtain a grievance form, which he sought to file against Defendant Misiti for the alleged denial of food, legal phone calls, recreational time, and medical services); id. ¶ 6 (discussing an August 2022 event when Plaintiff "was celled up with an inmate [who was just] released from the RHU for a PREA charge and said inmate was making sexual advances towards Plaintiff" but "Defendant's [sic] in this case refused to care about the Plaintiff's safety or his complaints"); id. ¶ 7 (discussing a September 2022 event when Defendants Johnson and Misiti "allowed another inmate to physically assault Plaintiff with a lock attached to an extension cord and sent Plaintiff to the RHU for having contraband in his possession"); id. ¶ 8 (discussing an October 2022 event concerning Plaintiff's property that was left in his cell for eighteen (18) days, during which time Defendants Johnson and Misiti "allowed other inmates to enter the cell and steal the Plaintiff's personal property and other commissary items that the Plaintiff owned")).

In addition, Plaintiff's amended complaint fails to identify the specific legal theories supporting each of the isolated events alleged therein.  Instead, Plaintiff's amended complaint only generally "claims that all of the Defendants [have] show[n] deliberate indifference to [his] serious medical and mental health needs[,]" that "all of the Defendants have violated [his] 1st, 8th, and 14th, Constitutional Amendment rights[,]" and that "all of the Defendants have retaliated against [him] for bringing to attention all of [these alleged] violations . . . . " (Id. ¶¶ 15-17.)  Plaintiff, however, has not clearly connected these general claims to the various isolated events asserted in his amended complaint.

Additionally, with respect to several of these isolated events, Plaintiff broadly claims that "all" Defendants are responsible for wrongdoing without providing a specific factual basis as to any particular Defendant.  See, e.g., (id. 4, ¶ 6 (claiming that "[t]he Defendant's [sic] in this case refused to care about the Plaintiff's safety or his complaints"); id. ¶ 11 (claiming that "all of the Defendant's [sic] constantly harass, retaliate, and deny the Plaintiff medical treatment, and also deny grievance relief from all of the Constitutional violations that Defendant's [sic] have shown and done towards the Plaintiff").

Accordingly, for all of these reasons, the Court concludes that Plaintiff's amended complaint is subject to dismissal for failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

### 2.    Rules 18 and 20 of the Federal Rules of Civil Procedure

Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined in a single action.  Rule 18 provides that "[a] party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  <u>See</u>  Fed. R. Civ. P. 18(a).  In other words, when an action pertains to only one defendant, a plaintiff may assert every claim that he has against that defendant, regardless of whether the Plaintiff's claims are factually or legally related to one another, subject to the limitations of federal subject-matter jurisdiction.  <u>See</u> 7 Charles Alan Wright & Arthur Miller, <u>et al.</u>, Federal Practice & Procedure § 1582 (3d ed.); <u>see also</u> Fed. R. Civ. P. 18(a).

When, however, a plaintiff seeks to join multiple defendants in a single action, Rule 20 becomes relevant.  <u>See</u> Wright & Miller, <u>supra</u>, § 1655.  More specifically, Rule 20 governs permissive joinder of parties and provides that a plaintiff may only join multiple defendants in a single action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" <u>and</u> (2) "any question of law or fact common to all defendants will arise in the action."  <u>See</u> Fed. R. Civ. P. 20(a)(2).  Thus, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim connecting all defendants that (1) arises out of the

same transaction or occurrence and that (2) involves a common question of law or fact. See id.; Wright & Miller, supra, § 1655.  In other words, there must be at least one common claim against all of the named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all of the defendants.  See Fed. R. Civ. P. 18(a); Wright & Miller, supra, § 1655.

Here, Plaintiff's amended complaint violates Rule 20.  More specifically, the Court is unable to discern a single claim in his amended complaint that properly connects all of the named Defendants.  For instance, there is no obvious connection between the various isolated incidents spanning from November of 2021 to October of 2022, concerning the alleged denial of his grievances, the alleged denial of his medical care, the alleged failure to protect him from (a) an assault by a fellow inmate and (b) the sexual advances made towards him by another inmate, as well as his allegedly stolen property.  (Doc. No. 15 at 4.)  Accordingly, under Rule 20, the Court concludes Plaintiff's disconnected and unrelated claims cannot proceed against the numerous Defendants that he has named in the amended complaint.

Finally, the Court notes that Plaintiff's noncompliance with Rule 20 is particularly problematic in light of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the full filing fee must ultimately be paid by a prisoner-plaintiff in

a non-habeas action. Thus, allowing a prisoner-plaintiff to include a number of independent claims in a single civil action without making the required connection among the joined defendants under Rule 20 would, effectively, circumvent the filing fee requirement of the PLRA.  See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees" (citing 28 U.S.C. § 1915(g))); Sanders v. Rose, 576 F. App'x 91, 94 (3d Cir. 2014) (unpublished) (concluding that the district court did not abuse its discretion when it directed the prisoner-plaintiff to amend his original complaint in order to comply with the Federal Rules of Civil Procedure because the plaintiff had included a plethora of separate, independent claims, which would have circumvented the filing fee requirement of the PLRA (citing George, 507 F.3d at 607)).

### 3.    Conclusion

Thus, for all of these reasons, the Court concludes that Plaintiff's amended complaint is subject to dismissal for failure to meet the requirements of Rules 8, 18, and 20 of the Federal Rules of Civil Procedure.

**B.    Leave to Amend**

The final issue is whether Plaintiff should be granted leave to amend his amended complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend his claims against Defendants would be futile and, thus, the Court will grant Plaintiff a **<u>final</u>** opportunity to amend his claims in order to attempt to cure

the deficiencies identified above. Plaintiff is advised that the second amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the complaint, amended complaint, or any other document already filed. The second amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure, and it must also comply with Rules 18 and 20 governing the joinder of claims and defendants in a single action. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV. CONCLUSION

To conclude, the Court will dismiss Plaintiff's amended complaint (Doc. No. 15) for failure to satisfy the requirements of Rules 8, 18, and 20 of the Federal Rules of Civil Procedure. However, the Court will grant Plaintiff a final opportunity to amend his pleading. An appropriate Order follows.

Dated: May 4, 2023          s/ Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge